FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2006 SEP 19 ☐ 3: 49

ROBERT MILLIGAN                          :
Petitioner                               : CIVIL ACTION NO. JFM-06-2204
          v.                             : CRIMINAL ACTION NO.  JFM-96-0437
                                         : (ECF EXEMPT)
UNITED STATES OF AMERICA                 :
Respondent                               :

..oOo..

## MEMORANDUM

Pending is Robert Milligan's pro se pleading requesting modification to the memorandum which dismissed Civil Action JFM-05-2439 (D. Md.). On September 13, 2005, the court dismissed that case without prejudice after concluding Milligan had failed to obtain appellate authorization to file a second or successive 28 U.S.C. § 2255 motion.[1]

In the present pleading, Milligan requests that the court "change the date stated in its memorandum from September 6, 2005 to May 10, 2005." Paper No. 1. He states that he first filed his 28 U.S.C. § 2255 "Blakely claim" [2] on the earlier date, but it was misplaced in the court.[3] *See id.* Milligan has filed a copy of a U.S. Postal Service return request receipt in support of his request.

Milligan does not state what purpose he believes is served by bringing this alleged oversight

---

[1]   The court sentenced Milligan to 210 months imprisonment on July 31, 1997, after he pleaded guilty to aiding and abetting arson in violation of 18 U.S.C. §§ 2 & 844. His conviction was affirmed on October 6, 1998. *See United States v. Milligan*, 164 F.3d 627 (4th Cir. 1998) (unpublished). Milligan filed a  28 U.S.C. §2255 motion on  December 30, 1999, which was denied on June 28, 2000. *See* Civil Action JFM–99-3899 (D. Md. 2000).

[2]   *See Blekely v. Washington*, 542 US 296 (2004).

[3]   The request did not reference the Supreme Court's decision *United States v. Booker*, 543 U.S. 220 (2005), which applied the precepts articulated in *Blakely* to the federal sentencing guidelines. As latter decision concerns the constitutionality of the federal sentencing guidelines, the court assumed that Mr. Milligan also intended to rely upon *Booker*.

to the attention of the court long after the case has been closed.   In any event, even if the first "Blakely claim" was misplaced, it had no impact on the outcome of the case.   Whether filed on May 10, 2005, or September 6, 2005, the motion was second or successive.   Absent authorization from the United States Court of Appeals for the Fourth Circuit, the district court could not consider Milligan's second or successive 28 U.S.C. § 2255 motion.   *See* 28 U.S.C. §§2244 & 2255;   *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).[4]

To the extent Milligan intends the instant pleading to serve as a new request for relief under § 2255, the motion must be dismissed without prejudice for the above discussed reasons. A separate order follows.

9/19/06
Date

/s/ J. Frederick Motz
United States District Judge

---

[4]    The Supreme Court has not held the rule of law announced in that case to be retroactive on collateral review.   The United States Court of Appeals held in *United States v. Morris*, 429 F.3d 65 (4th Cir., 2005) that *Booker* does not apply retroactively to cases on collateral review.